# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3139

_____

United States of America

*Plaintiff - Appellee*

v.

Trevon Sykes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 24, 2018
Filed: June 22, 2018
[Unpublished]

_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Trevon Sykes pled guilty to being a felon in possession of numerous firearms in violation of 18 U.S.C. § 922(g)(1). The United States Probation Office's presentence report ("PSR") revealed that Sykes had three Missouri second-degree burglary convictions under Mo. Rev. Stat. § 569.170; a Missouri first-degree burglary conviction; and a Missouri conviction for three counts of possession of a controlled

substance. Because Sykes had three violent felony convictions and at least one conviction for a serious drug offense, the PSR classified Sykes as an Armed Career Criminal subject to a mandatory minimum sentence of 180 months imprisonment pursuant to the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e).

Sykes objected to this classification, contending that Missouri second-degree burglary convictions do not qualify as predicate convictions under the ACCA. The district court overruled Sykes's objection and, finding that Sykes had committed three predicate offenses qualifying as violent felonies under the ACCA, sentenced Sykes to 180 months imprisonment and a three-year term of supervised release. Sykes appealed the sentence.

We affirmed the district court. United States v. Sykes, 809 F.3d 435 (8th Cir. 2016). The United States Supreme Court granted Sykes's petition for writ of certiorari, vacated the judgment, and remanded the case for further consideration in light of its decision in Mathis v. United States, 136 S. Ct. 2243 (2016). On remand, we again affirmed the district court. United States v. Sykes, 844 F.3d 712 (8th Cir. 2016). Sykes again petitioned the Supreme Court for writ of certiorari. The Supreme Court once more granted the petition, vacated the judgment, and remanded the case for further consideration in light of United States v. Naylor, 887 F.3d 397 (8th Cir. 2018) (en banc).

In reconsidering this appeal we conclude that Naylor controls. Because the Missouri second-degree burglary statute is indivisible and "covers more conduct than does generic burglary, . . . [Sykes's] convictions under Mo. Rev. Stat. § 569.170 (1974) do not qualify as violent felonies under the ACCA." 887 F.3d at 407.

Accordingly, we vacate Sykes's sentence and remand this case to the district court for resentencing.

_____